PEOPLE ex rel. CONWAY BROS. BREWING & MALTING CO. v. BOARD OF AUDITORS OF TOWN OF STILLWATER, N. Y., et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. ARREST—AUTHORITY TO ARREST WITHOUT WARRANT—"PEACE OFFICER."

Laws 1891, p. 244, c. 106, relating to the village of Mechanicville, in Saratoga county, provides in title 2 (page 246) for the appointment of police constables, and in title 7, § 7 (page 261), provides that such constables shall have the same power and authority in criminal cases as constables in any of the towns of Saratoga county, and, in addition, the powers conferred on them by the act, also providing that they shall be entitled to receive of the village, towns, and county the same fees and in the same manner that constables in towns are entitled to receive for similar services, etc. By Code Cr. Proc, § 117, a peace officer may arrest without a warrant a person for a crime committed in his presence. Section 154 defines a peace officer as the sheriff, etc., or a constable, marshal, police constable, or policeman of a city, town, or village. Section 960 provides that, unless when otherwise provided, the term "peace officer" signifies any one of the officers mentioned in section 154. By Liquor Tax Law, Laws 1896, p. 79, c. 112, § 40, intoxication in a public place is made a misdemeanor, and the person so intoxicated may be arrested without a warrant. *Held*, that police constables of the village have the powers of town constables, and may arrest without a warrant one found intoxicated in the highways of any town in the county.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5254, 5255; vol. 8, p. 7749.]

2. TOWNS—CLAIMS—DISALLOWANCE—CERTIORARI—PROCEEDINGS AND DETERMINATION—HEARING.

The board of auditors of a town attached to their rejection of certain items of a claim a slip setting forth that they disallowed the items, on the ground that, as police constable of a village, claimant had no jurisdiction to make without a warrant the arrests or perform the other services charged for. *Held* that, on certiorari to review the proceedings of the

board, respondents could not set up that the ground given was not the only one on which the claim was rejected, but that they passed on the merits, and found the claim without merit.

Certiorari by the people, on the relation of the Conway Bros. Brewing & Malting Company, against the board of auditors of the town of Stillwater, N. Y., and others, to review the determination of the board on relator's claim as assignee for fees of assignor as town constable of said town and police constable of the village of Mechanicville. Determination modified; and, as so modified, affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

D. A. Lockwood, for relators.
George B. Lawrence, for respondents.

SMITH, P. J.   This is a proceeding by certiorari to review the determination of the board of auditors of the town of Stillwater, N. Y., in disallowing certain items of a claim against said town by the relator herein as assignee of one John H. Welch.   Said claim was presented for audit in November, 1906, and covered services and disbursements alleged to have been rendered and made in criminal proceedings instituted by said Welch in the capacity of town constable from November 8, 1905, to January 1, 1906, and since then as police constable of the village of Mechanicville.   These criminal proceedings in each instance but one, grew out of the arrest without warrant by said Welch of various persons upon the charge of intoxication on a public highway in the town of Stillwater, but outside of the corporate limits of said village, and the subsequent arraignment and commitment of such persons to the county jail.   A large part of the rejected claim was made up of services and disbursements in proceedings instituted when said Welch was police constable only, and was rejected upon that ground. The contention of the board as to such portion is that a police constable of the village of Mechanicville has no power to arrest without warrant for intoxication outside of the village.

The village of Mechanicville comprises portions of the towns of Halfmoon and Stillwater, in the county of Saratoga, N. Y.   The several acts relating to the village were revised and consolidated by chapter 106, p. 244, Laws 1891, which provides in title 2 for the appointment of three or more police constables, and in title 7, § 7, specifies their powers and duties.   "The police constables shall have the same power and authority in criminal cases, and be subject to the same liabilities and obligations, as constables elected in any of the towns of Saratoga county, and, in addition to said authority, the powers conferred upon them by this act."   Then follows a detailed statement of a number of duties devolving upon the office, almost all of them relating more or less explicitly to matters of village administration.   Section 7 then concludes:

"Said constable shall be entitled to receive of the village, towns and county, the same fees and in the same manner that constables in towns are entitled to receive for similar services; provided, that fees for all services, civil and criminal, rendered by said constables, or any constable, for said village, shall

be audited, allowed and paid from the general fund, in the manner provided in this act for the payment of other claims against said village."

The claim of the relator is that this section gives to a police constable of the village the general authority of a town constable. What the general authority of a town constable may be is a matter not specifically defined by statute, or clearly defined by the text-books. By section 154 of the Code of Criminal Procedure a peace officer is defined as the sheriff, or undersheriff, or deputy, or a constable, marshal, police constable, or policeman of a city, town, or village. By section 117 a peace officer may arrest a person without a warrant for a crime committed in his presence. By section 40 of the liquor tax law (chapter 112, p. 79, Laws 1896) intoxication in a public place is made a misdemeanor, and the person so intoxicated may be arrested without warrant. By section 960 of the Code of Criminal Procedure it is provided:

"Unless when otherwise provided, the term peace officer signifies any one of the officers mentioned in section 154."

In Crocker on Sheriffs (3d Ed.) § 1019, it is said:

"The powers and duties of constables or peace officers within the county, and on the arrest, detention, and committing one charged with crime, are the same as in the case of sheriffs."

In the same authority, in section 1002, the law is stated:

"The former class of constables [town constables], in addition to being the peace officers of the county are the ministerial officers of the justices' courts of the several towns in the county, and who are authorized and required to execute all process issuing from such courts in civil cases."

It would seem, therefore, that a constable of any town in the county, being a peace officer of the county, might arrest, and it is his duty to arrest without warrant, a man found intoxicated upon the highways in any town of the county. The provisions of this statute would seem to give to the police constables elected in this village the powers of town constables, and therefore gave to the relator's assignor the powers of a peace officer to arrest persons found intoxicated upon the highways of the town of Stillwater. It is true that by the terms of the village law, as now existing, police officers within the village which are organized under that act probably have not the powers of town constables outside of the limits of the village. That, however, was not the condition of the law regulating villages at the time that this act was passed creating the village of Mechanicville.

The respondents attached to their rejection of these items a typewritten slip setting forth:

"All the items charging for services rendered and disbursements made in this case are disallowed as not being proper or legal charges or claims against the town of Stillwater. The crime alleged being public intoxication and having occurred in the town of Stillwater outside of the corporate limits of the village of Mechanicville, the claimant, who was at the time acting as a police constable of the village of Mechanicville only, had no right or authority to make the arrest or perform the other services charged for nor to make the disbursements in the case for which charges are made; no warrant having been issued, and the claimant being himself the sole complainant in the case."

Now, it is stated by the town auditors in their return that the ground stated was not the only ground upon which the claim was rejected, but that they passed upon the merits and found the claim without merit, even though the relator's assignor were authorized to make arrests in the town of Stillwater. But the town auditors might have rejected the bill upon the ground stated, without having otherwise passed upon the merits of the claim. If they had so done, it would have been their duty to have so stated in connection with their rejection. This duty could have been enforced by mandamus. Having rejected the claim and stated a specific reason for such rejection, the claimant had the clear right to rely upon such statement as stating the ground of the rejection, and to pursue his remedy upon that assumption. Having appealed, relying upon the statement made, it would not be just to him to allow the town auditors now to come in and say it was not the only ground, but that there were other grounds in addition upon which the claim was rejected. We are of opinion, therefore, that as to the items of the claim, to which this slip was attached, the town auditors must be deemed to have disallowed the same upon the sole ground that, as police constable of the village of Mechanicville, he had no jurisdiction whatever to make the arrest in the town of Stillwater. As to the other items in the claim which were rejected, the relator's counsel in his brief makes no serious controversy, and we are of opinion that, as to them, the conclusion of the town board must be confirmed. The determination, therefore, as to the items of account which were rejected upon the ground of lack of jurisdiction, and to which the printed slips were attached, should be annulled, and the said items remitted to the said auditors for reaudit. As to the other matters determined therein, the determination is confirmed, except as to item 60 for $3.20, admitted by the return to have been inadvertently disallowed, and as to which item the determination is annulled. No costs are allowed to either party.

Determination modified as per opinion, and, as so modified, affirmed, without costs to either party. All concur.